**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| DAYS INNS WORLDWIDE, INC., : | |
| Plaintiff, : | Civil Action No. 14-1233 (ES) |
| v. : | **MEMORANDUM OPINION** |
| ISHWARBHAI PATEL, et al., : | |
| Defendants. : | |

This matter comes before the Court on Plaintiff's Motion for Entry of Consent Judgment. (D.E. No. 23). On December 4, 2014, the Hon. Faith S. Hochberg, former U.S. District Judge for the District of New Jersey, dismissed this action pursuant to a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (D.E. No. 22). On June 26, 2015, this action was assigned to the Undersigned.

Plaintiff filed the instant motion, contending that the parties had "reached a confidential settlement on or about November 24, 2014 whereby Defendants agreed to pay a sum certain" and, simultaneously, "Defendants executed a consent judgment to secure payment due under the Settlement Agreement." (D.E. No. 23-3 ¶ 4). Plaintiff states that "Defendants failed to pay the sum certain" by the relevant due date. (*Id.* ¶ 6). Plaintiff argues that it is therefore "entitled to entry of the Consent Judgment." (*Id.* ¶ 10).

Nowhere, however, did Judge Hochberg—or any other Judge in this District—retain jurisdiction over the settlement agreement. In *Travelodge Hotels, Inc. v. Le Rho Chateau, Ltd.*, for example, the court granted a "motion to approve consent judgment" where the court had "dismissed the case following a report of a settlement, *and retained jurisdiction over the*

*settlement agreement to enforce its terms*"—but the "Defendants [had] not complied with the terms of the settlement." No. 10-5282, D.E. No. 29 (D.N.J. Nov. 18, 2014) (emphasis added); *see also id.* D.E. No. 26 ("ORDERED that this action is hereby dismissed without prejudice and without costs . . . . The terms of the settlement agreement are incorporated herein by reference and *the Court shall retain jurisdiction over the settlement agreement to enforce its terms*." (emphasis added)).

No such retention of jurisdiction exists in this case. Rather, Plaintiff submitted a notice of voluntary dismissal, (D.E. No. 21), which Judge Hochberg approved, (D.E. No. 22). Indeed, it appears that Plaintiff is raising a claim for breach of the settlement agreement—which amounts to a separate and distinct claim—that the Court has not retained jurisdiction over. This is critical because, "[i]f a court lacks subject-matter jurisdiction over an action, it does not have the authority to adjudicate the merits of the case, and any decision it renders in the absence of subject-matter jurisdiction is void." *Carvajal v. Target Stores, Inc.*, No. 15-3797, 2016 WL 111423, at *2 (D.N.J. Jan. 11, 2016).

Accordingly, this Court must DENY Plaintiff's Motion for Entry of Consent Judgment. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**